Del MOORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 55306.

Court of Criminal Appeals of Texas,
Panel No. 2.

Dec. 13, 1978.

Russell C. Busby, Amarillo, for appellant.

Tom Curtis, Dist. Atty. and Bruce Sadler, Asst. Dist. Atty., Amarillo, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of involuntary manslaughter;

punishment was assessed by the jury at imprisonment for ten years. Among other things, appellant complains of the trial court's refusal to submit a charge to the jury on the offense of criminally negligent homicide.

On May 14, 1976, the deceased was killed by a shotgun blast. Appellant and her neighbor Ray Purcell were standing in Purcell's front yard when the deceased, who was driving wildly, passed by in his car. Suddenly he wheeled around and drove into Purcell's yard, where he cursed appellant and began talking erratically. Purcell went into his house, brought out a shotgun, then walked to the deceased's car and told him to leave. At this point Purcell decided that the deceased was drunk and was not dangerous, and stated that he would not shoot the deceased. Appellant said that she wanted the shotgun and grabbed the weapon from Purcell. She testified that she wanted to scare the deceased, because Purcell was just standing there. Seconds after appellant grabbed the shotgun, it discharged, killing the deceased. Purcell testified he was looking over the hood of the car and did not see the actual firing; appellant testified that she remembered grabbing the barrel of the shotgun, but did not remember aiming the weapon or pulling the trigger. Purcell told appellant she had killed the deceased, and appellant went to her house and called the police.

Appellant contends that the trial court erred when it refused to charge the jury on the lesser included offense of criminally negligent homicide. Appellant properly objected to the court's failure to do so, and submitted a requested jury instruction on the issue. The court charged the jury only on the offense of murder and involuntary manslaughter.

■ A person commits involuntary manslaughter if he recklessly causes the death of an individual. V.T.C.A. Penal Code, Sec. 19.05(a)(1). Sec. 6.03(c) of the Penal Code defines "recklessly":

"A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his con-

duct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint."

A person commits criminally negligent homicide if he causes the death of an individual by criminal negligence, V.T.C.A. Penal Code, Sec. 19.07(a). Sec. 6.03(d) of the Penal Code defines "criminal negligence":

"A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under the circumstances as viewed from the actor's standpoint."

■ The difference between the two culpable mental states required to establish these offenses lies in whether or not the actor himself perceives the risk of harm which his conduct creates. We explained this in *Lewis v. State*, 529 S.W.2d 550 (Tex. Cr.App.1975):

"Reckless conduct as defined by V.T.C.A. Penal Code, Section 6.03(c) involves conscious risk creation, that is, the actor is aware of the risk surrounding his conduct or the results thereof, but consciously disregards that risk. Criminal negligence as defined by V.T.C.A. Penal Code, Section 6.03(d) involves inattentive risk creation, that is, the actor ought to be aware of the risk surrounding his conduct or the result thereof. At the heart of reckless conduct is conscious disregard of the risk created by the actor's conduct; the key to criminal negligence is found in the failure of the actor to perceive the risk."

■ Here appellant testified that when she grabbed Purcell's shotgun by the barrel, she intended to scare the deceased, but did not intend to point it at the deceased or pull the trigger, and afterwards could not believe that it had discharged. She further testified that she had never seen the shotgun before and thought it was unloaded. According to her testimony she was unfamiliar with firearms and had fired a gun only once, twenty years previously. Purcell testified only that appellant grabbed the gun suddenly and that it discharged in an instant. Police Officer Robert Francis testified that when he arrived at the scene appellant was frantic and kept repeating that "she shot him, and she did not know the gun was loaded."

This evidence is sufficient to raise an issue of reasonable doubt whether the appellant was aware of but consciously disregarded a substantial and unjustified risk that her conduct would result in the death of the deceased. The jury, if it believed this evidence, could have found that the appellant ought to have been, but was not, aware that her conduct would create a substantial and unjustifiable risk resulting in the death of the deceased. See *London v. State,* 547 S.W.2d 27 (Tex.Cr.App.1977), and *Dockery v. State,* 542 S.W.2d 644 (Tex.Cr. App.1976). We conclude that a fact issue was raised.

The State contends that appellant was shown to be aware of the risk of her conduct in grabbing the shotgun, because on cross-examination she testified that she was aware that guns are dangerous and that one should always treat a gun carefully. This testimony indicates that appellant was generally aware that handling guns can be dangerous, but still leaves at issue whether she was aware of the risk and acted in conscious disregard of the risk in this particular instance.

■ The credibility of evidence and whether it is controverted or conflicts with other evidence in the case may not be considered in determining whether a defensive charge or an instruction on a lesser included offense should be given. When evidence

from any source raises a defensive issue or raises an issue that a lesser included offense may have been committed and a jury charge on the issue is properly requested, the issue must be submitted to the jury. It is then the jury's duty, under the proper instructions, to determine whether the evidence is credible and supports the defense or the lesser included offense. See *Gavia v. State,* 488 S.W.2d 420 (Tex.Cr.App.1972); *Thompson v. State,* 521 S.W.2d 621 (Tex.Cr. App.1974); *Esparza v. State,* 520 S.W.2d 891 (Tex.Cr.App.1975).

We conclude that the jury could have found from the evidence that appellant was criminally negligent rather than reckless, and thus committed criminally negligent homicide rather than involuntary manslaughter. Therefore the trial court erred in refusing to charge the jury on the issue of criminally negligent homicide.

The judgment is reversed and the cause remanded.