**Steven BODEKER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–81–00073–CR.**

Court of Appeals of Texas, Dallas.

Nov. 2, 1981.

Rehearing Denied Jan. 15, 1982.

Discretionary Review Refused April 21, 1982.

John M. Phalen, Jr., Dallas, for appellant.

Henry M. Wade, Dist. Atty., Steve Wilensky, Asst. Dist. Atty., Dallas, for appellee.

Before TED Z. ROBERTSON, SPARLING and WHITHAM, JJ.

WHITHAM, Justice.

This is an appeal from a conviction for voluntary manslaughter in which the jury assessed appellant's punishment, enhanced by a prior felony conviction, at ninty-nine (99) years in the Texas Department of Corrections.

Appellant contends that the trial court committed reversible error in failing to submit his written requested instruction on the lesser included offense of criminally negligent homicide and that the evidence is insufficient. We hold that the court should have included this instruction and that the evidence was sufficient. Accordingly, we reverse and remand.

Appellant had been indicted for the offense of murder. The trial court charged the jury on the law of murder and voluntary manslaughter. The appellant properly objected to the court's failure to include a charge on the law of criminally negligent homicide, and in writing requested a jury instruction on the issue.

The record reflects a violent confrontation between seven people who were outside a house in the front yard and on the front porch and the appellant who, with a number of other people, was inside the house. Marital difficulty existed between appellant and his wife. The confrontation was over the removal of property from the

house. The decedent and appellant's wife were in the group outside the house.

The testimony of witnesses from the group outside the house (State's witnesses) was to the effect that the wooden front door of the house flew open and that appellant reached around the screen door and stabbed decedent in the side with a knife.

Defense testimony of appellant's grandmother, who was inside the house, presented a different version of how decedent was stabbed by the knife in appellant's hands. The grandmother described the knife as a paring knife. The grandmother testified that decedent and two other men were trying to break down or through the wooden front door and that in the scuffle that occurred at the door, as the door gave way, the other two men and perhaps others in the outside group pushed the deceased through the doorway of the house into the knife appellant held in his hand. In the grandmother's words in one of her descriptions of the incident:

Q: Well, 'He got stabbed;' I think you said before, he kind of ran into it or . . .

A: He ran into it, but it really just looked like the whole bunch shoved him right into . . . in the door when they kicked it in.

Q: And they just ran in and Milton just ran into the knife.

A: That's exactly the way it looked.

It is appellant's position that the grandmother's testimony raised an issue as to whether the appellant, in this situation, was negligent in not perceiving the risk created by his conduct in obtaining and holding the knife as he did. Appellant argues that the grandmother's testimony does not indicate any intentional thrust of the knife towards the deceased, but rather that the appellant was holding the knife when the door came open and the deceased was then pushed into the knife.

■ Here the evidence is sufficient to raise the issue of criminal negligence as defined in Tex.Penal Code Ann. § 6.03(d) (Vernon 1974). Criminally negligent homicide is a lesser included offense of murder and voluntary manslaughter. *Campbell v.*

*State,* 614 S.W.2d 443 (Tex.Crim.App.1981); *Ormsby v. State,* 600 S.W.2d 782 (Tex.Crim. App.1979); *Branhan v. State,* 583 S.W.2d 782 (Tex.Crim.App.1979); *Moore v. State,* 574 S.W.2d 122 (Tex.Crim.App.1978); *London v. State,* 547 S.W.2d 27 (Tex.Crim.App. 1977).

■ Under these cases we conclude that it was error for the trial court to refuse appellant's requested charge on criminally negligent homicide. A jury could find that appellant was criminally negligent under the defense's theory of what occurred at appellant's front door. As pointed out in *Moore, supra* :

The credibility of evidence and whether it is controverted or conflicts with other evidence in the case may not be considered in determining whether a defensive charge or an instruction on a lesser included offense should be given. When evidence from any source raises a defensive issue or raises an issue that a lesser included offense may have been committed and a jury charge on the issue is properly requested, the issue must be submitted to the jury. It is then the jury's duty, under the proper instructions, to determine whether the evidence is credible and supports the defense or the lesser included offense. Id. 574 S.W.2d at 124

■ Appellant also challenges the sufficiency of the evidence. We must consider that contention before disposing of the case. *Swabado v. State,* 597 S.W.2d 361 (Tex. Crim.App.1980).[1] It appears from the record that the evidence is sufficient to sustain the conviction.

There was testimony that deceased and appellant were arguing back and forth through the closed front door and that appellant, in referring to the deceased, was heard to say "I'm going to kill the son-of-bitch" and that immediately following the front door flew open and appellant reached around the screen door and stabbed the deceased with the knife. The evidence is sufficient to show that appellant knowingly and intentionally caused the death of an individual. Tex.Penal Code Ann. § 19.-02(a)(1) (Vernon 1974). Since the evidence is sufficient to show the offense of murder, the greater offense, it is necessarily suffi-

1. See *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) where the Supreme Court of the United States held that re-trial of a defendant whose conviction has been reversed for insufficiency of the evidence is prohibited as a violation of the double jeopardy clause of the United States Constitution.

cient to prove voluntary manslaughter, the lesser included offense. *Braudrick v. State,* 572 S.W.2d 709 (Tex.Crim.App.1978). Appellant's first and second grounds of error challenge the sufficiency of the evidence. Appellant's first and second grounds of error are overruled.

Reversed and remanded.

## ON MOTION FOR REHEARING

SPARLING, Justice, dissenting.

I dissent.

The majority has overruled the State's motion for rehearing, leaving intact its judgment reversing the conviction for voluntary manslaughter. I would grant the motion for rehearing and affirm the conviction.

The majority reverses for the failure of the trial court to charge the jury on a lesser included offense of criminally negligent homicide. I would hold that the evidence raised an issue of a "reckless" culpable mental state, thereby warranting, if requested, a charge on involuntary manslaughter. Tex. Penal Code Ann. § 19.-05(a)(1) (Vernon 1974). A substantial difference between "reckless" conduct and "criminally negligent" conduct as defined by Tex. Penal Code Ann. § 6.03 (Vernon 1974), is that a negligent suspect does not know of the risk, but should have known; whereas a reckless suspect does, in fact, know of the risk, but disregards it. The majority takes inconsistent positions if the *same* evidence that the majority claims raises the issue of negligent homicide also reflects that appellant *knew* of the risk.

In reversing, the majority omitted highly relevant portions of that testimony they contend raised the issue of negligent homicide. Appellant's grandmother, Mary Wells, testified that a group of people crashed through the front door and in the ensuing scuffle, the deceased was stabbed. She said the victim was "shoved right into" a paring knife being held by the appellant. However, the portion of her testimony omitted by the majority was:

PROSECUTOR: Well, did you see Steve holding the knife out, I mean just before they burst through the door into the house?

WELLS: He had the knife laying down by the side of the door.

Q: Oh, on the floor?

A: On the floor. And he grabbed it up and the door was kicked in. And he—*he had already told them if they kicked the door in they were going to run into it. And that's exactly the way it looked.* (Emphasis added)

Not only is there no evidence that appellant failed to perceive the risk of holding a knife in such circumstances, but rather the evidence affirmatively reflects that he *did* perceive the risk involved and disregarded that risk by continuing to hold the knife. Such conduct is "reckless," not "criminally negligent." *See Lewis v. State,* 529 S.W.2d 550, 553 (Tex.Cr.App.1975); *accord, Moore v. State,* 574 S.W.2d 122, 123 (Tex.Cr.App. 1978); Tex. Penal Code Ann. § 6.03(d) (Vernon 1974). Though an accused is entitled to an instruction on every defensive issue raised by the evidence, *Warren v. State,* 565 S.W.2d 931 (Tex.Cr.App.1978), negligent homicide was not raised. I would, therefore, hold that the trial court properly refused to charge on negligent homicide.

I have reviewed appellant's remaining grounds of error and found no reversible error. Therefore, I would grant the State's motion for rehearing and affirm the judgment of the trial court.