Juan DeLEON, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–88–626–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1989.

David R. Gutierrez, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before DORSEY, UTTER, and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

Appellant, Juan DeLeon, was indicted for murder and voluntary manslaughter following the shooting death of the victim, Delia Ochoa. A jury found appellant guilty of voluntary manslaughter and assessed punishment at 20 years' imprisonment plus a fine of $10,000.00. By one point of error, appellant complains of the trial court's failure to charge on involuntary manslaughter. We sustain appellant's sole point of error and reverse the judgment of the trial court.

Testimony elicited from several eye-witnesses reflects that on June 8, 1988, appellant was sitting at a bar inside a club called the L.A. Lounge. He went into the

bathroom momentarily and, upon returning to the bar, saw the victim. The victim looked at him and made a hand motion towards her bra as if to point to or reach for a concealed weapon. At that point, appellant pulled out a pistol, shot the victim once, and left the bar. The victim had shot appellant seven months before. On another occasion in a bar upon seeing appellant, she took her pistol from her purse and put it in her bra, whereupon appellant left the bar.

▪ Generally, a charge on a lesser included offense must be given if there is some evidence to show that if the accused is guilty, he is guilty only of the lesser included offense. *Thomas v. State*, 699 S.W.2d 845, 847 (Tex.Crim.App.1985). The credibility of such evidence and whether it is controverted or conflicts with other evidence in the case may not be considered in determining whether the instruction should be given. *Moore v. State*, 574 S.W.2d 122, 124 (Tex.Crim.App.1978). Moreover, the defendant's testimony alone may be sufficient to raise the issue of a lesser included offense. *Lugo v. State*, 667 S.W.2d 144, 147 (Tex.Crim.App.1984).

▪ In order to warrant an instruction on involuntary manslaughter, which is by definition a lesser included offense of murder,[1] evidence from some source must show that appellant caused the death of another in a reckless manner, i.e., with conscious disregard of a substantial and justifiable risk that the circumstances exist or the result will occur. *Lugo*, 667 S.W.2d at 147; Tex.Penal Code Ann. § 19.05 (Vernon 1989).

At trial, appellant testified on cross-examination as follows:

Q. Now, on the night that—or the day that Delia Ochoa was killed—and by the way, you did shoot her on June the 8th, 1988, with a gun, did you not?

A. Yes, sir.

Q. That was in the L.A. Lounge?

A. Yes, sir.

1. *See Goodwin v. State*, 694 S.W.2d 19, 27 (Tex. App.—Corpus Christi 1985, pet. ref'd).

**752** 

Q. And you intended to shoot her, did you not?

A. No, sir.

 * * * * * *

Q. Did you intend to pull the trigger?

A. Not actually,

Q. Well, what did you intend?

A. Just to scare her off.

Q. So you're saying this was an accident?

A. I just wanted her to back off.

Q. Did you feel you had to pull the trigger to make her back off?

A. No.

 * * * * * *

Q. Okay. You pulled out the gun?

A. I was pulling out the gun and said "not this time" and it just went off.

 In *Giles v. State*, 617 S.W.2d 690, 691 (Tex.Crim.App.1981), the Court of Criminal Appeals stated the following language in the defendant's confession was sufficient to warrant an instruction on involuntary manslaughter: "I took the gun out of my pocket and pointed the gun at Ira. The gun went off, and Ira slumped over."

In *Lugo v. State*, the defendant testified that he had pointed a loaded rifle at his wife in an attempt to persuade her to relinquish the keys to a car; at that point, the gun just "went off." The defendant stated that he had not intended to shoot his wife. The Court again held that the trial court erred in refusing to instruct the jury on the law of involuntary manslaughter. 667 S.W.2d at 149.

As in *Giles* and *Lugo*, there is some evidence in the instant case that the accused pulled out a gun, pointed it at his victim, and then unintentionally fired it. Appellant testified that when confronted by the victim, he pulled out a pistol in order to scare her and "make her back off." He further stated that at that point the gun "just went off," and that he had not intended to fire his weapon.

The State points out that the foregoing evidence suggesting an accidental discharge of the gun conflicts with other portions of the cross-examination testimony, wherein the appellant seems to suggest that he shot the victim intentionally so that she would not have the chance to shoot him first. However, whether or not certain evidence supporting a charge on a lesser included offense conflicts with other evidence in the case is not a determining factor in whether the requested instruction should be given. *Moore*, 574 S.W.2d at 124. The jury must be given the opportunity to determine if a particular portion of the evidence is credible and if it supports the lesser included offense. *Id.*

We find there is some evidence to warrant the inclusion of a jury instruction on involuntary manslaughter. Appellant's point of error is sustained.

The judgment of the trial court is REVERSED and the cause REMANDED for new trial.