hamilton 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00392-CR







Charles Hamilton, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0926110, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







 A Travis County jury found appellant Charles Hamilton guilty of murder and
assessed punishment at ninety years' confinement and a $10,000 fine. See Penal Code, 63d Leg.,
R.S., ch. 399, sec. 1, § 19.02, 1973 Tex. Gen. Laws 883, 913, amended by Act of May 28,
1973, 63d Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex. Gen. Laws 1122, 1123 (Tex. Penal Code
Ann. § 19.02, since amended). Appellant advances six points of error alleging: (1) that the trial
court erred in failing to instruct the jury on self-defense and on the lesser included offense of
voluntary manslaughter; (2) that his counsel was ineffective because he failed to request these
instructions; and (3) that the evidence was insufficient to establish that appellant committed
murder and not voluntary manslaughter. We will affirm the conviction. 



BACKGROUND


 On October 31, 1992, after completing a twenty-four hour shift as a fireman at
Bergstrom Air Force Base, appellant consumed considerable amounts of alcohol at various places
over the course of the day. Shortly after 6:00 p.m., appellant was driving south on the Interstate
35 service road, apparently on his way home. 

 Around the same time, Franklin Hamilton (who is unrelated to appellant) was en
route to his girlfriend's house along the same southbound stretch of the Interstate 35 service road. 
 Appellant rear-ended Franklin Hamilton's car. Both parties' blood alcohol level was in excess
of the legal limit at the time of the accident. Neither party sustained any injury.

 The sequence of events immediately following the accident is based primarily on
appellant's testimony. The men began exchanging insurance and other information. Appellant
testified that Franklin Hamilton threatened to kill him, insulted him, and initiated physical contact
by pushing him to the ground. (1) Teddi deClairmont, who drove by the scene shortly after the
accident, contradicted this account, saying she observed appellant in a threatening posture and
Franklin Hamilton in a defensive position, "holding his hands sort of up to protect himself." She
noted that both men seemed angry. Shortly thereafter a fight ensued in which Franklin Hamilton
suffered brutal injuries.

 As Franklin Hamilton lay unconscious, appellant, covered in blood, ran to the
service road to wave down passing cars. Kirk Palermo and Timothy Carr, Sr. pulled over to
assist. Believing that Franklin Hamilton was still alive, Palermo left to call for help; Carr
remained at the scene. Carr testified that appellant twice returned to the inert victim to continue
beating and kicking him. Both times Carr interceded to lead appellant away from Franklin
Hamilton's body. Austin police and paramedics eventually arrived. Paramedic Jerry Mayhall
testified that Franklin Hamilton was dead at the scene. Franklin Hamilton died as a result of the
massive internal injuries inflicted by appellant, any number of which were individually sufficient
to cause his death.



DISCUSSION


Voluntary Manslaughter and Self-Defense


 In his third point of error, appellant argues that the trial court erred by failing to
charge the jury on the lesser included offense of voluntary manslaughter. To be entitled to a
charge on a lesser included offense, a defendant must meet a two-part test: the lesser included
offense must be within the proof necessary to establish the offense charged, and there must be
some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense. 
Kinnamon v. State, 791 S.W.2d 84, 96 (Tex. Crim. App. 1990). Voluntary manslaughter is a
lesser included offense of murder. Sattiewhite v. State, 786 S.W.2d 271, 287 (Tex. Crim. App.
1989). To meet the second part of the test, appellant must point to some evidence in the record
that if guilty, he is guilty only of voluntary manslaughter.

 We must first determine whether there is any evidence that appellant "caused the
death under the immediate influence of sudden passion arising from an adequate cause." See
Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 19.03, 1973 Tex. Gen. Laws 883, 913, amended
by Act of May 28, 1973, 63d Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex. Gen. Laws 1122, 1124
(Tex. Penal Code Ann. § 19.04, since amended) (hereafter "Former Penal Code § 19.04");
Marras v. State, 741 S.W.2d 395, 405 (Tex. Crim. App. 1987). In making this determination,
all of the evidence presented by the State and the defendant must be considered. Dowden v. State,
758 S.W.2d 264, 269 (Tex. Crim. App. 1988). The credibility of such evidence, and whether
it is controverted or conflicts with other evidence in the case, may not be considered. Moore v.
State, 574 S.W.2d 122, 124 (Tex. Crim. App. 1978). 

 The issue of sudden passion is raised by evidence tending to establish that the
defendant "was actually rendered incapable of cool reflection by anger, rage, resentment, or
terror." Brunson v. State, 764 S.W.2d 888, 894 (Tex.App.--Austin 1989, pet. ref'd). Adequate
cause is raised when the record reflects "some provocation attributable to the deceased which
would commonly produce in a person of ordinary temper [anger, rage, resentment or terror] to
a degree sufficient to render the mind incapable of cool reflection." Id. at 895. 

 Timothy Carr testified that while at the scene appellant stated that Franklin
Hamilton had insulted him, threatened to harm him and his family, and then attacked him. Teddi
deClairmont testified that both men were in a fighting posture when she saw them. Appellant
testified that Franklin Hamilton attacked him and threatened to kill him. Appellant further
testified that he "freaked out" when the victim attacked him and that his "natural defenses just took
over." Carr's testimony also established that appellant was "in shock or nervous or frightened"
at the scene. Viewed without regard to credibility, this evidence was sufficient to raise the issue
of voluntary manslaughter. 

 However, appellant did not request an instruction on voluntary manslaughter and
did not object to the charge as given. He must now show actual egregious harm from the
omission of the issue to obtain relief. See Tex. Code Crim. Proc. Ann. arts. 36.14, .19 (West
1981); Lawrence v. State, 700 S.W.2d 208, 213 (Tex. Crim. App. 1985); Almanza v. State, 686
S.W.2d 157, 174 (Tex. Crim. App. 1984). This harm "must be assayed in light of the entire jury
charge, the state of the evidence, including the contested issues and weight of probative evidence,
the argument of counsel, and any other information revealed by the record of the trial as a whole." 
Almanza, 686 S.W.2d at 171. The record clearly establishes that voluntary manslaughter played
no part in the strategy of the defense. See Lawrence, 700 S.W.2d at 213 (holding that because
voluntary manslaughter was an "incidental theory of the defense," error in the jury charge
regarding voluntary manslaughter did not constitute egregious harm). Appellant's defense at trial
focused exclusively on the theory that appellant committed either involuntary manslaughter or
criminally negligent homicide. Furthermore, the State presented substantial evidence refuting the
elements of voluntary manslaughter. In light of these facts, the absence of a voluntary
manslaughter charge did not result in actual harm to the appellant so egregious as to deny him a
fair and impartial trial. (2) Appellant's third point of error is overruled.

 In his fourth point of error, appellant argues that the trial court erred in not
instructing the jury on self-defense. Appellant did not request such an instruction at trial, nor did
he object to its omission. The jury found that appellant used deadly force in beating the victim
with his hands and feet. Section 9.32 of the Texas Penal Code provides that the use of deadly
force in self-defense is justified only when three conditions are present: (1) the defendant would
have been justified in using force under section 9.31; (3) (2) a reasonable person in the defendant's
situation would not have retreated; and (3) the use of deadly force was reasonably believed to be
immediately necessary to protect the defendant against another's use or attempted use of unlawful
deadly force, or to prevent the imminent commission of specified violent crimes. Tex. Penal
Code Ann. § 9.32 (West 1994). (4)

 There is no evidence that the victim used or attempted to use deadly force justifying
the response of deadly force in self-defense. See Ogas v. State, 655 S.W.2d 322, 324
(Tex.App.--Amarillo 1983, no pet.) (holding that a blow to the face with an open or closed hand
does not constitute use or attempted use of deadly force justifying response of deadly force in self-defense). Because the record contains no evidence that the deceased used or attempted to use
deadly force, the statutory defense permitted by section 9.32 was not available, and appellant was
not entitled to such an instruction. See Werner v. State, 711 S.W.2d 639, 644 (Tex. Crim. App.
1986). Appellant's fourth point of error is overruled.



Ineffective Assistance of Counsel


 Appellant advances as his fifth and sixth points of error that he was denied effective
assistance of counsel because of his attorney's failure to request instructions on voluntary
manslaughter and self-defense. Because the record shows that appellant was not entitled to an
instruction on self-defense, his sixth point of error is overruled. Kinnamon v. State, 791 S.W.2d
84, 97 (Tex. Crim. App. 1990). 

 The standard for reviewing ineffective assistance of counsel as set out in Strickland
v. Washington, 466 U.S. 668, 690 (1984), was adopted in Texas in Hernandez v. State, 726
S.W.2d 53, 55 (Tex. Crim. App. 1986). To prevail on this claim, appellant must show (1) that
counsel's performance fell below an objective standard of reasonableness, and (2) that there is a
reasonable probability that, but for counsel's errors, the result of the proceeding would have been
different. Hernandez, 726 S.W.2d at 56-57. 

 As noted above, appellant's trial strategy relied on the theory that appellant
committed either involuntary manslaughter or criminally negligent homicide. Involuntary
manslaughter is a lesser included offense of murder, and criminally negligent homicide is a lesser
included offense of involuntary manslaughter. Lugo v. State, 667 S.W.2d 144, 147 (Tex. Crim.
App. 1984). Involuntary manslaughter and criminally negligent homicide each carry a maximum
punishment less than that of voluntary manslaughter. See Tex. Penal Code Ann. §§ 12.21, .33,
.34 (West 1994). During voir dire, appellant's counsel questioned the venire regarding voluntary
manslaughter, involuntary manslaughter, and criminally negligent homicide. During trial and
closing argument, appellant's counsel emphasized appellant's intoxication in support of the latter
two theories. This emphasis reflects counsel's considered decision to reject a defensive strategy
based on voluntary manslaughter. "[C]ounsel is strongly presumed to have rendered adequate
assistance and made all significant decisions in the exercise of reasonable professional judgment." 
Strickland, 466 U.S. at 690.

 Under these circumstances, trial counsel's decision to pursue the defensive theories
of involuntary manslaughter and criminally negligent homicide was not unreasonable. Appellant's
counsel could reasonably conclude that arguing in favor of voluntary manslaughter would not be
persuasive on these facts and would detract from the credibility of his main defensive theories. 
Appellant's trial counsel could also reasonably presume that the inclusion of a voluntary
manslaughter charge might incline the jury away from finding appellant guilty of the lesser
included offenses of involuntary manslaughter or criminally negligent homicide, thus increasing
the potential for a longer sentence. Consequently, we cannot say that trial counsel's performance
fell below a standard of objective reasonableness. We therefore need not consider the second
prong of the Strickland inquiry. Appellant's fifth point of error is overruled. 



 Sufficiency of the Evidence


 If the evidence raises the issue of voluntary manslaughter, the burden shifts to the
State to prove beyond a reasonable doubt the absence of sudden passion arising from adequate
cause. Former Penal Code § 19.04; Bradley v. State, 688 S.W.2d 847 (Tex. Crim. App. 1985). 
In his first point of error, appellant asserts that the evidence is insufficient to establish the absence
of sudden passion. We review sufficiency of the evidence in light of the charge that was given. 
See Boozer v. State, 717 S.W.2d 608, 611 (Tex. Crim. App. 1984) ("Because a verdict of 'guilty'
necessarily means the jury found evidence of that on which it was authorized to convict, the
sufficiency of the evidence is measured by the charge that was given."); see also Fisher v. State,
887 S.W.2d 49, 53 (Tex. Crim. App. 1994) (reaffirming Boozer). However, once the evidence
raises sudden passion, its negation becomes an "implied element" of murder. Bradley, 688
S.W.2d at 851. 

 Because it is not clear whether Boozer applies to this "implied element" of the
offense of murder, we will consider appellant's sufficiency of the evidence claims. In reviewing
sufficiency of the evidence, this Court must ask whether after viewing the evidence in the light
most favorable to the State, any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Griffen
v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). (5)

 As described above, the issues of adequate cause and sudden passion were raised
almost exclusively by appellant's account that the deceased provoked and attacked him. Although
his testimony was sufficient to raise the issue of voluntary manslaughter, the State presented more
than enough evidence to convict appellant of murder. See Lawrence, 700 S.W.2d at 211. During
vigorous cross-examination, the State effectively raised questions concerning the truthfulness of
appellant's story and his credibility generally. The State brought forth evidence contradicting
appellant's contention that the victim injured him. The State also presented evidence of the
victim's peaceable nature to refute appellant's assertion that he was provoked. This evidence
provides a basis for a rational trier of fact to reject the assertion that the victim provoked
appellant. Furthermore, appellant's attempts to attack the unconscious victim after Carr's arrival
on the scene show that appellant was not acting under the immediate influence of sudden passion
during these subsequent beatings. We conclude the evidence was legally sufficient to negate the
existence of both adequate cause and sudden passion. Appellant's first point of error is overruled.

 In a final point of error, appellant argues that in light of the "alternate reasonable
hypothesis" that appellant committed voluntary manslaughter rather than murder, the evidence is
factually insufficient to negate voluntary manslaughter. "[T]he test for factual insufficiency when
an alternate reasonable hypothesis exists is that the verdict should be set aside only if it is so
contrary to the overwhelming weight of the evidence, i.e. the alternate reasonable hypothesis, as
to be clearly wrong and unjust." Orona v. State, 836 S.W.2d 319, 322 n. 2 (Tex. App.--Austin
1992, no pet.). Although we believe the consideration of alternate reasonable hypotheses has
applicability only in circumstantial-evidence cases, appellant's factual-sufficiency challenge fails
nonetheless: the "overwhelming weight of the evidence" does not support a finding of voluntary
manslaughter, and more than sufficient evidence was adduced at trial to refute this "alternate
reasonable hypothesis." Appellant's second point of error is overruled.

 Having overruled all of appellant's points of error, we affirm the trial court's
judgment of conviction.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: February 15, 1995

Do Not Publish

1.   In its rebuttal, the State presented several witnesses who testified to Franklin
Hamilton's peaceable nature.
2.   Appellant advances as an alternative theory under this point of error that the trial
court failed to apply the law to the facts. If this contention were true, appellant would
still be charged with showing the same degree of harm described in Almanza due to his
failure to object to the charge as given. Because he has not demonstrated such harm, we need
not reach the issue.
3.   In pertinent part section 9.31 provides: "Except as provided in subsection (b), a
person is justified in using force against another when and to the degree he reasonably
believes the force is immediately necessary to protect himself against the other's use or
attempted use of unlawful force." Tex. Penal Code Ann. § 9.31(a) (West 1994).
4.   This offense took place before September 1, 1994, and is governed by the law in
effect at the time the offense was committed. Because the code amendments effective
September 1, 1994 have no substantive effect on these sections, the current code is cited
for the sake of convenience. Penal Code, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen.
Laws 3586, 3598. 
5.   Appellant urges us to reform the Jackson standard by essentially reweighing the
evidence. This we have steadfastly declined to do; the court does not sit as a thirteenth juror. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).