

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. PD-0265-09

**VICKIE LASHUN TOLBERT, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIFTH COURT OF APPEALS
DALLAS COUNTY**

JOHNSON, J., filed a dissenting opinion in which HOLCOMB, J., joined.

## DISSENTING OPINION

The state indicted appellant for capital murder. At the close of the guilt phase, the state requested that instructions on "a lesser included and parties"[1] be included in the jury charge. The trial court denied the state's request. Appellant neither joined the state's request nor objected to its denial. When queried as to whether the jury charge was acceptable to her, appellant said, "No objections." On appeal, she asserted that the trial judge should have, *sua sponte*, included an

---

[1] 6 R.R. 64.

instruction on the lesser-included offense of murder. The court of appeals found that, because murder was "law applicable to the case," that instruction should have been given. It further found that the error resulted in egregious harm, reversed the judgment of the trial court and remanded "for further proceedings consistent with this opinion."[2]

In its petition to this Court, the state presented a single ground for review.

Criminal jury charges contain "law applicable to the case," and often "defensive issues." To obtain review on appeal, complaints involving "law applicable to the case" need not be preserved at trial but "defensive issues" must be preserved. Did the Fifth Court of Appeals wrongly hold that where a defendant states "no objection" to the proposed charge and then complains on appeal about the omission of a lesser-included offense instruction, the *Almanza* standard applies?

### *Almanza*[3]

The state's second reason for granting review of its petition states that the court of appeals incorrectly interpreted this Court's unanimous decision in *Bluitt v. State*, 137 S.W.3d 51 (Tex. Crim. App. 2004), "which addressed the preservation of complaints for the law applicable to the case, to the preservation of complaints for defensive instructions." Nowhere in *Bluitt* do I find such a discussion. In that case, the state raised three grounds: (1) the court of appeals erroneously required prior convictions to be proved beyond a reasonable doubt; (2) the court of appeals misapplied the *Almanza* standard; and (3) the court of appeals erroneously ruled that appellant could appeal jury-charge error, even after he affirmatively stated to the trial court that he had no objection to the jury charge.

---

[2] *Tolbert v. State*, No. 05-07-00920-CR, 2008 Tex. App. LEXIS 5245 (Tex. App.–Dallas, delivered July 16, 2008)(not designated for publication).

[3] Although the language of the state's ground for review complains of error in applying *Almanza*, its brief's argument is headed "(PRESERVATION OF DEFENSIVE JURY INSTRUCTION ISSUES)." State's Petition for Discretionary Review at 5. The argument thus does not match the plain language of the ground for review.

As to the first ground, we held that the language of the statute is clear; only unadjudicated offenses and bad acts have an articulated burden of proof. Final convictions have already been proved beyond a reasonable doubt, and proof of the fact of conviction is sufficient for a final conviction to be submitted to the jury. The trial court did not err in failing to give the requested instruction. Because no error occurred, no harm analysis was needed, and we therefore did not reach the state's second ground.

As to the third ground, the ground of interest here, we noted that *Almanza* applies to all jury-charge error and that it establishes only two standards for harm analysis–egregious harm for no objection or some harm for a timely objection. We held that, because "no objection" is not a "timely objection," a response of "no objection" must be equivalent to a failure to object and therefore subject to the "egregious harm" analysis of *Almanza*. Under *Bluitt*, appellant is entitled to appeal purported jury-charge error, with any harm considered under the "egregious" standard. The answer to the state's petition for discretionary review as submitted–"Did the Fifth Court of Appeals wrongly hold that . . . the *Almanza* standard applies?"–is that the court of appeals did not err, and this Court should therefore affirm the judgment of the court of appeals.

**Preservation**

The two statements of law that begin the state's ground for review[4] indicate that within the state's articulated *Almanza* complaint is the assumption that any request for an instruction on a lesser-included offense is a defensive issue, which leads to the conclusion that appellant failed to preserve error. This is the issue that the majority addresses, although preservation of error is a

---

[4] "Criminal jury charges contain 'law applicable to the case,' and often 'defensive issues.' To obtain review on appeal, complaints involving 'law applicable to the case' need not be preserved at trial but 'defensive issues' must be preserved."

different issue than what standard to apply to jury-charge error.

Some jury instructions that may be requested, such as self-defense and necessity, are certainly, and exclusively, defensive issues. The Penal Code clearly labels those issues and others as "defenses."[5] If an instruction on lesser-included offenses were truly "defensive," however, the state would be barred from requesting such an instruction. But the state can, and does, request the inclusion in the jury charge of instructions on applicable lesser-included offenses.

Our case law also supports the position that lesser-included offenses are not "defensive issues." In *Delgado v. State*, 235 S.W.3d 244, 249-50 (Tex. Crim. App. 2007), the sole issue before this Court was whether the trial court should have, *sua sponte*, included an instruction on reasonable doubt, truly an issue for the defense. *Delgado* does not say that the submission to the jury of lesser-included offenses is a "defensive" issue; it states only that the trial judge does not have a *sua sponte* duty to include instructions on "all potential defensive issues, lesser-included issues, or evidentiary issues." By its very words, *Delgado* removes lesser-included offenses from the category of defensive issues. *Delgado* also notes that whether to request an instruction is often a matter of trial strategy and tactics, an observation that applies to both defendant and state.

The issue in *Posey v. State,* 966 S.W.2d 57 (Tex. Crim. App. 1998), was the lack of a jury instruction on mistake of fact,[6] a statutory defense. The defendant had not requested the missing instruction. This Court framed the issue as a question of whether testimony that the defendant thought that he had permission to drive the stolen car "imposes a duty on trial courts to *sua sponte* instruct the jury on unrequested defensive issues." *Id.* at 62. The Court's answer was no.

---

[5] TEX. PENAL CODE, Chapter Eight.

[6] TEX. PENAL CODE § 8.02.

*Druery v. State*, 225 S.W.3d 491 (Tex. Crim. App. 2007), was a capital appeal that dealt with a complaint that the trial court had not given an instruction on the lesser-included charge of murder. The opinion did not use the term "defensive issue" and decided the case on estoppel; the appellant had specifically requested that the instruction not be given. Only the concurring opinion raised the idea that an instruction on a lesser-included offense is "a kind of defensive issue." *Id*. at 513 (Keller, P.J., concurring.).

The issue in *Bufkin v. State*, 207 S.W.3d 779 (Tex. Crim. App. 2006), a domestic-assault case, was whether instructions on self-defense and consent, both of which were requested by the defendant, should have been submitted to the jury. Self-defense[7] and consent[8] are statutory defensive issues and so are unhelpful in discussing lesser-included offenses.[9]

In *Campbell v. State*, 614 S.W.2d 443 (Tex. Crim. App. 1981), the defendant had requested an instruction on a lesser-included offense, but the trial judge refused to include it. The requested instruction was a defensive issue because it had been raised by the defense. *Campbell*, like *Delgado*, clearly recognized that lesser-included-offense instructions are not exclusively a defensive issue: "This Court has held that when evidence from any source raises a defensive issue or raises an issue that a lesser included offense may have been committed and a jury charge on the issue is properly requested, the issue must be submitted to the jury." *Id*. at 445. Our case law is clear: requests for jury instructions on lesser-included offenses are not *per se* "defensive" issues.

Professors Dix and Dawson's treatise on Criminal Practice and Procedure refers to requests

---

[7] TEX. PENAL CODE § 9.31.

[8] TEX. PENAL CODE § 22.06.

[9] Footnote 10 of *Bufkin*, cited by the majority, refers to two cases: *Ferrel v. State*, 55 S.W.3d 586 (Tex. Crim. App. 2001)(instruction on self-defense); and *Campbell v. State, infra* (defendant requested instruction).

for instructions on lesser-included offenses as part of the "the implied strategic decisions of the parties."[10] "The parties" in a criminal case are the state and the defendant. The professors also note that

> [b]oth sides potentially may benefit from a lesser included offense instruction. The defense interest is in limiting punishment exposure by providing a lesser alternative to the charged offense while the prosecution can obtain a greater likelihood of some type of conviction by giving the jury the option of convicting for an offense with less difficult proof requirements, particularly if the prosecution fears that the evidence is weak on the point that distinguishes the greater offense from the lesser.[11]

Their treatise affirms that an instruction on a lesser-included offense is not exclusively a defensive issue because it is not exclusively within the domain of the defense.

### Defensive Instruction or Law Applicable to the Case?

An instruction on a lesser-included offense may be a defense issue or a prosecution issue, but it may also be law applicable to the case, depending not on who requested the instruction or even whether a party requested an instruction, but on the evidence presented at trial.

> By the expressions, "the law applicable to the case," and "the law of the case," as employed in the Code, evidently is meant the law applicable to the case as made by the proofs–the law applicable to the pleadings and the evidence; and this has been the uniform construction given to them by the Supreme Court and by this court. *Davis v. The State*, decided at the present term of this court, *post.* The judge is said to have performed that duty when he shall have instructed the jury as to the law applicable to every legitimate deduction which the jury may draw from the facts in evidence.

*Lister v. State*, Court of Appeals of Texas, 3 Tex. Ct. App. 17; 1877 Tex. Crim. App. LEXIS 198 (1877). "However, defensive issues (even if statutorily-defined) do not constitute the 'law applicable to the case' unless the defendant makes them so by presenting evidence to support their submission

---

[10] 43 GEORGE E. DIX & ROBERT O. DAWSON, CRIMINAL PRACTICE AND PROCEDURE § 36.50 at 250 (Supp. 2009).

[11] *Id.* at 249.

in the charge and by requesting their inclusion in the charge." *Rodgers v. State*, 180 S.W.3d 716, 721 (Tex App.–Waco 2005). Our task on a preservation claim, then, is to determine what instructions would have been in the hypothetically correct jury charge.[12] While the jury charge may be affected by the choices the parties make as to requests for instructions, some instructions must be given because the issue raised is "law applicable to the case."

> If evidence from any source raises the issue of a lesser included offense, the charge must be given. *Moore v. State*, 574 S.W.2d 122 (Tx.Cr.App. 1978). . . . As noted in *Thompson v. State*, 521 S.W.2d 621 (Tx.Cr.App. 1974), "it is . . . well recognized that a defendant is entitled to an instruction on every issue raised by the evidence, whether produced by the State or the defendant, and whether it be strong, weak, unimpeached, or contradicted." (Citations omitted.)

*Bell v. State*, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985).

The indictment in this case alleged capital murder as murder in the course of robbery. It is reasonable to deduce that the state believed that the evidence might raise lesser-included offenses because, during voir dire, the state explained to the venire the lesser-included offense of murder, setting out the difference between it and capital murder and also the range of punishment. 2 R.R. 41-42. It also explained robbery, its range of punishment, and the process of deliberating first the offense charged, then any lesser-included offenses raised by the evidence. 2 R.R. 42-43. The state also requested instructions on "a lesser included and parties." 6 R.R. 64. Without inquiring what lesser offense was wanted, the trial judge denied the request.

As the state explained in voir dire, unless the killing was in the course of the robbery, the offense was murder, not capital murder.[13] Monica Sheffield, the only state's witness who asserted

---

[12] *Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997).

[13] That discussion may have been recalled by the jurors; during deliberations, they sent out a note asking about lesser-included offenses.

direct knowledge of any aspect of appellant's guilt, testified to a confession by appellant to murder, but she had no direct knowledge of appellant taking any of the complainant's possessions at the time of the murder. She could testify only that appellant came to her home carrying a jewel box[14] and that, after the murder, she and a friend drove appellant to the complainant's home, where appellant removed four long guns from the complainant's pickup. As we stated in *Bell*, "it is . . . well recognized that a defendant is entitled to an instruction on every issue raised by the evidence, whether produced by the State or the defendant, and whether it be strong, weak, unimpeached, or contradicted." Sheffield's testimony may have been weak and contradicted, but it raised the issue of the lesser-included offense of murder. The state was entitled to an instruction on that lesser offense, and the trial court erred in denying the state's request. Given the court's response, a request from appellant for instructions on lesser-included offenses could reasonably be seen as futile. Given the evidence, the trial court should have included an instruction on a lesser-included offense as law applicable to the case.

Sheffield denied any part in the offense, but other state's witnesses implicated her in the attempted sale of the stolen long guns and, by inference, in the murder. Even if weak and contradicted, the evidence raised an issue of appellant as a party to the murder, and given that evidence, the trial court should have included an instruction on parties as law applicable to the case.[15]

---

[14] Testimony about the jewel box did not reveal its appearance, its provenance, or its contents.

[15] The state argues in its brief that an instruction on the lesser-included offense of murder is an issue for the defense, but its actions at trial belie that assertion: "The only thing, Your Honor, we were asking for is a lesser included and parties." 6 R.R. 64. The state's request was immediately denied by the trial court, so the record does not reveal what lesser-included-offense instruction (or instructions) it wanted. In spite of that lack of specificity, the state faults appellant for failing to join in its request. State's brief at 11 and footnote 4.

**Conclusion**

The court of appeals correctly analyzed the evidence presented and found that an instruction on the lesser-included offense of murder was not a defensive issue and should have been given as law applicable to the case. It followed our ruling in *Bluitt,* held that appellant could complain of that omission on appeal and, using the proper *Almanza* standard of egregious harm, found such harm. Its judgment should be affirmed. I respectfully dissent.

Filed: March 17, 2010
Publish