Opinion filed November 8,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00271-CR

                                                    __________

 

                        JAMES
STERLING OSTRANDER, Appellant  

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 266th District Court

                                                            Erath
County, Texas

                                                   Trial
Court Cause No. CR13268

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The jury convicted James Sterling Ostrander, appellant, of aggravated assault with a
deadly weapon and assessed his punishment at confinement for a term of ten years
in the Institu-tional Division of the Texas Department of Criminal Justice.  Appellant
appeals, arguing the trial court erred in denying his request for a jury
instruction on the lesser included offense of assault.  We affirm.

Background
Facts

Christopher
James McKnight worked for appellant as a roofer and walked to appellant’s house
every morning to ride to work with him.  The morning of the offense, McKnight
went to appellant’s home and, upon entering, shook appellant’s hand.  While shaking
hands, appellant reached up with his left hand and cut McKnight’s face with a
roofing knife, a utility knife with a hooked blade used to slice asphalt roof
shingles.  Appellant cut a four-inch laceration down McKnight’s cheek and
jawbone.

The
indictment alleged that, on April 26, 2009, appellant committed the offense of aggra-vated
assault in that he “did then and there intentionally, knowingly, or recklessly
cause bodily injury to Christopher James McKnight, by cutting him,” and “did
then and there use or exhibit a deadly weapon, to-wit: a utility knife, during
the commission of said offense, that in the manner of its use or intended use
was capable of causing death or serious bodily injury.”

Lesser
Included Offense

            In
his sole issue on appeal, appellant argues that the trial court erred in
refusing to charge the jury on the lesser included offense of assault.  The
jury found that appellant committed the offense of aggravated assault with a
deadly weapon by cutting McKnight with a utility knife.  It is undisputed that
appellant cut McKnight on the face with a knife.  What is disputed is whether
this assault constitutes simple assault or aggravated assault.  Appellant
requested a charge on simple assault based on his assertion that there was no
testimony establishing the knife as a deadly weapon.  

            A
two-pronged test is used to determine whether a lesser included offense must be
included in the jury charge when requested.  A charge on a lesser included offense
is required if (1) the lesser included offense is included within the proof
necessary to establish the charged offense and (2) there is some evidence that
would permit a rational jury to find that, if the accused is guilty, he is
guilty of only the lesser offense.  Hall v. State, 225 S.W.3d 524, 526,
535 (Tex. Crim. App. 2007); Rousseau v. State, 855 S.W.2d 666, 672–73
(Tex. Crim. App. 1993); Royster v. State, 622 S.W.2d 442, 446 (Tex.
Crim. App. 1981); see Tex. Code
Crim. Proc. Ann. art. 37.09 (West 2006).  With respect to the first
prong, an offense is a lesser included offense of another offense under Article
37.09(1) if the indictment for the greater-inclusive offense either (1) alleges
all of the elements of the lesser included offense or (2) alleges elements plus
facts from which all of the elements of the lesser included offense may be
deduced.  Ex parte Watson, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009); Hall,
225 S.W.3d 524.  The resolution of the first prong is a question of law to be
determined by looking at the elements and facts alleged in the charging
instrument, not the evidence presented at trial.  Hall, 225 S.W.3d at
535.  The State concedes, and we agree, that the first prong is satisfied in
this case.  Appellant bases his request for an instruction on the same conduct
alleged in the indictment; he argues, however, that the knife was not a deadly
weapon.  

            With
respect to the second prong, if evidence from any source raises the issue that
a lesser included offense may have been committed and the issue is properly
requested, the charge must be given.  Moore v. State, 574 S.W.2d 122,
124 (Tex. Crim. App. 1978).  A defendant is entitled to an instruction on every
issue raised by the evidence, whether produced by the State or the defendant,
regardless of whether it is strong, weak, unimpeached, or contradicted.  Thompson v.
State, 521 S.W.2d 621, 624 (Tex. Crim. App. 1974).  

            Appellant
was charged with and convicted of aggravated assault. Assault is the
intentional, knowing, or reckless commission of bodily injury to another.  Tex. Penal Code Ann. § 22.01 (West
2011).  Aggravated assault may be committed in only two ways: (1) by causing
serious bodily injury or (2) by using or exhibiting a deadly weapon during the
commission of an assault.  Blount v. State, 257 S.W.3d 712, 714 (Tex.
Crim. App. 2008) (citing Tex. Penal Code
Ann. § 22.02(a)(1), (2) (West 2011)).  “Each of these involves the
use of a deadly weapon.”  Blount, 257 S.W.3d at 714.  A deadly weapon
can be “anything that in the manner of its use or intended use is capable of
causing death or serious bodily injury.”  Tex.
Penal Code Ann. § 1.07(a)(17)(B) (West Supp. 2012).

            A
knife is not a deadly weapon per se.  Blain v. State, 647 S.W.2d 293,
294 (Tex. Crim. App. 1983); Limuel v. State, 568 S.W.2d 309, 311 (Tex.
Crim. App. [Panel Op.] 1978).  The State may prove a particular knife to be a
deadly weapon by showing its size and shape, the manner of its use or intended
use, and its capacity to produce death or serious bodily injury.  Blain,
647 S.W.2d at 294.  The jury may consider all the facts of a case, including
words spoken by the accused, in determining the deadliness of a weapon.  Id.

Here,
a photo of a utility knife with a hooked roofing blade was introduced into
evidence as an exhibit for the jury to see.  At trial, McKnight testified to
the general appearance and common uses of the knife, having used that type in
his line of work.  McKnight attested to the sharpness of the blade, stating
that the roofing knife can cut through asphalt shingles “like butter when it’s
hot.”  He testified to the location of the gash on his face, the proximity of
appellant to him when he received the injury, and the manner in which appellant
inflicted the injury.   McKnight stated that he was afraid for his life.  Officer
Brad Green of the Stephenville Police Department testified to the actual injury
sustained by McKnight.  According to Officer Green, in his professional
opinion, the knife that appellant used to cut McKnight, or any similar edged
weapon, was capable of causing serious bodily injuries.  Furthermore, Officer
Green testified that appellant’s knife was used in such a manner to be considered
a deadly weapon, considering the proximity of McKnight’s injury to the carotid arteries. 
He was asked: “Can edged weapons [box cutters, utility knives] cause serious
bodily injury?”  The officer answered affirmatively.  The officer again responded
affirmatively when asked whether he would “consider the use of an edged weapon
in the area of someone’s face and neck” potentially life-threatening.  Moreover,
appellant’s recorded statements, admitted at trial, attest to his intended use
of the utility knife.  Appellant stated, “I meant to cut him a lot worse.”  “I
saw that picture you gave me, and again, I meant to do it a lot worse.”

            Although
the testimony regarding whether the knife was a deadly weapon was not well
developed, it was uncontroverted.  Appellant presented no evidence tending to
dispute that the knife was a deadly weapon.  Assault is a lesser included
offense of aggravated assault with a deadly weapon, but there was no evidence
to suggest anything other than appellant used and intended to use the knife in
such a manner that the knife was capable of causing serious bodily injury or
death.  Thus, we conclude that appellant was not entitled to an instruction on
the lesser included offense of assault.  The trial court did not err in
refusing to grant his requested instruction.  Appellant’s sole issue on appeal
is overruled.  

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

 

            

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

November 8, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Gray, C.J., 10th
Court of Appeals.[1]









[1]Tom Gray, Chief Justice, Court of Appeals, 10th
District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.