**Opinion filed November 8, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00271-CR
_____

## JAMES STERLING OSTRANDER, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CR13268**

## M E M O R A N D U M   O P I N I O N

The jury convicted James Sterling Ostrander, appellant, of aggravated assault with a deadly weapon and assessed his punishment at confinement for a term of ten years in the Institutional Division of the Texas Department of Criminal Justice. Appellant appeals, arguing the trial court erred in denying his request for a jury instruction on the lesser included offense of assault. We affirm.

*Background Facts*

Christopher James McKnight worked for appellant as a roofer and walked to appellant's house every morning to ride to work with him. The morning of the offense, McKnight went to appellant's home and, upon entering, shook appellant's hand. While shaking hands, appellant reached up with his left hand and cut McKnight's face with a roofing knife, a utility knife with a

hooked blade used to slice asphalt roof shingles. Appellant cut a four-inch laceration down McKnight's cheek and jawbone.

The indictment alleged that, on April 26, 2009, appellant committed the offense of aggravated assault in that he "did then and there intentionally, knowingly, or recklessly cause bodily injury to Christopher James McKnight, by cutting him," and "did then and there use or exhibit a deadly weapon, to-wit: a utility knife, during the commission of said offense, that in the manner of its use or intended use was capable of causing death or serious bodily injury."

*Lesser Included Offense*

In his sole issue on appeal, appellant argues that the trial court erred in refusing to charge the jury on the lesser included offense of assault. The jury found that appellant committed the offense of aggravated assault with a deadly weapon by cutting McKnight with a utility knife. It is undisputed that appellant cut McKnight on the face with a knife. What is disputed is whether this assault constitutes simple assault or aggravated assault. Appellant requested a charge on simple assault based on his assertion that there was no testimony establishing the knife as a deadly weapon.

A two-pronged test is used to determine whether a lesser included offense must be included in the jury charge when requested. A charge on a lesser included offense is required if (1) the lesser included offense is included within the proof necessary to establish the charged offense and (2) there is some evidence that would permit a rational jury to find that, if the accused is guilty, he is guilty of only the lesser offense. *Hall v. State*, 225 S.W.3d 524, 526, 535 (Tex. Crim. App. 2007); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993); *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981); *see* TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006). With respect to the first prong, an offense is a lesser included offense of another offense under Article 37.09(1) if the indictment for the greater-inclusive offense either (1) alleges all of the elements of the lesser included offense or (2) alleges elements plus facts from which all of the elements of the lesser included offense may be deduced. *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009); *Hall*, 225 S.W.3d 524. The resolution of the first prong is a question of law to be determined by looking at the elements and facts alleged in the charging instrument, not the evidence presented at trial. *Hall*, 225 S.W.3d at 535. The State concedes, and we agree, that the first prong is satisfied in this case. Appellant bases his request for an instruction on the same conduct alleged in the indictment; he argues, however, that the knife was not a deadly weapon.

2

With respect to the second prong, if evidence from any source raises the issue that a lesser included offense may have been committed and the issue is properly requested, the charge must be given. *Moore v. State*, 574 S.W.2d 122, 124 (Tex. Crim. App. 1978). A defendant is entitled to an instruction on every issue raised by the evidence, whether produced by the State or the defendant, regardless of whether it is strong, weak, unimpeached, or contradicted. *Thompson v. State*, 521 S.W.2d 621, 624 (Tex. Crim. App. 1974).

Appellant was charged with and convicted of aggravated assault. Assault is the intentional, knowing, or reckless commission of bodily injury to another. TEX. PENAL CODE ANN. § 22.01 (West 2011). Aggravated assault may be committed in only two ways: (1) by causing serious bodily injury or (2) by using or exhibiting a deadly weapon during the commission of an assault. *Blount v. State*, 257 S.W.3d 712, 714 (Tex. Crim. App. 2008) (citing TEX. PENAL CODE ANN. § 22.02(a)(1), (2) (West 2011)). "Each of these involves the use of a deadly weapon." *Blount*, 257 S.W.3d at 714. A deadly weapon can be "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2012).

A knife is not a deadly weapon per se. *Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983); *Limuel v. State*, 568 S.W.2d 309, 311 (Tex. Crim. App. [Panel Op.] 1978). The State may prove a particular knife to be a deadly weapon by showing its size and shape, the manner of its use or intended use, and its capacity to produce death or serious bodily injury. *Blain*, 647 S.W.2d at 294. The jury may consider all the facts of a case, including words spoken by the accused, in determining the deadliness of a weapon. *Id.*

Here, a photo of a utility knife with a hooked roofing blade was introduced into evidence as an exhibit for the jury to see. At trial, McKnight testified to the general appearance and common uses of the knife, having used that type in his line of work. McKnight attested to the sharpness of the blade, stating that the roofing knife can cut through asphalt shingles "like butter when it's hot." He testified to the location of the gash on his face, the proximity of appellant to him when he received the injury, and the manner in which appellant inflicted the injury. McKnight stated that he was afraid for his life. Officer Brad Green of the Stephenville Police Department testified to the actual injury sustained by McKnight. According to Officer Green, in his professional opinion, the knife that appellant used to cut McKnight, or any similar edged weapon, was capable of causing serious bodily injuries. Furthermore, Officer Green testified that appellant's knife was used in such a manner to be considered a deadly weapon, considering

the proximity of McKnight's injury to the carotid arteries. He was asked: "Can edged weapons [box cutters, utility knives] cause serious bodily injury?" The officer answered affirmatively. The officer again responded affirmatively when asked whether he would "consider the use of an edged weapon in the area of someone's face and neck" potentially life-threatening. Moreover, appellant's recorded statements, admitted at trial, attest to his intended use of the utility knife. Appellant stated, "I meant to cut him a lot worse." "I saw that picture you gave me, and again, I meant to do it a lot worse."

Although the testimony regarding whether the knife was a deadly weapon was not well developed, it was uncontroverted. Appellant presented no evidence tending to dispute that the knife was a deadly weapon. Assault is a lesser included offense of aggravated assault with a deadly weapon, but there was no evidence to suggest anything other than appellant used and intended to use the knife in such a manner that the knife was capable of causing serious bodily injury or death. Thus, we conclude that appellant was not entitled to an instruction on the lesser included offense of assault. The trial court did not err in refusing to grant his requested instruction. Appellant's sole issue on appeal is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE

November 8, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Gray, C.J., 10th Court of Appeals.[1]

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.